IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DATALOGIC SCANNING, INC.,
a Delaware Corporation,

    Plaintiff,

vs.

METROLOGIC INSTRUMENTS, INC.,
a New Jersey Corporation,

    Defendant.

Civ. No. 06-CV-6102-TC

ORDER AND OPINION

Coffin, Magistrate Judge:

Before the court is defendant's motion to stay litigation pending inter partes reexamination in the United States Patent and Trademark Office (#108). For the following reasons, the motion is granted.

## BACKGROUND

Datalogic Scanning, Inc. (Datalogic) brought this action alleging infringement of its asserted patents. As the discovery period was closing, defendant Metrologic Instruments, Inc. (Metrologic) filed requests for inter partes reexamination of the patents-in-suit, in order to determine their validity based on art that the patent and trademark office (PTO) had not considered. Metrologic subsequently filed a motion to stay in this court, asserting, "[b]ecause patent invalidity is one of the core issues in the case, and the PTO's determination could conclusively end this case, or significantly change the patent

1 Opinion and Order

claims currently at issue, a stay is warranted." Metrologic's Memorandum, 1. Metrologic asserts that any prejudice to Datalogic is minimal because reexamination will streamline litigation pending in district court, and if Metrologic is ultimately deemed liable on Datalogic's claims, Datalogic will be redressed for damages resulting from any intervening infringing activity.

Datalogic opposes the motion, arguing that (1) the motion was filed too early because the PTO has not yet granted the reexamination request, (2) the motion was filed too late in the course of these district court proceedings to avoid undue prejudice, (3) the motion is dilatory, and (4) issuance of a stay would have the effect of allowing the allegedly infringing activity to continue.

## DISCUSSION

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citations omitted). This district has recognized a "liberal policy in favor of granting motions to stay proceedings pending the outcome of reexamination proceedings." Whatley v. Nike Inc., 54 U.S.P.Q. 2d 1124, 1125 (D. Or. 2000). Three central questions inform the court's evaluation of the motion to stay: (1) will issuing the stay unduly prejudice the non-moving party? (2) will issuing the stay simplify the litigation? (3) will the stay interrupt district court litigation at an advanced stage? Werre v. Battenfeld Technologies, Inc., Civ. No. 03-1471-AA, 2004 WL

2 Opinion and Order

2554568, *1 (D. Or., Nov. 9, 2004). As explained below, the answers to those questions demonstrate why a stay is warranted.

As an initial matter, the court does not agree that the motion to stay is unripe because the reexamination request has not yet been granted. Metrologic perfected one of its reexamination requests on August 21, 2007, and the other on September 20, 2007. Pursuant to 35 U.S.C. § 312, the PTO is required to take action on the requests prior to November 21, 2007 and December 20, 2007, respectively. Inter partes reexamination is granted where the PTO Director has determined that "a substantial question of patentability affecting any claim of the patent concerned is raised by the request." 35 U.S.C. § 312. The parties agree that historically, the substantial majority of inter partes reexamination requests are granted. See Roger Shang & Yar Chaikovsky, Inter Partes Reexamination of Patents: An Empirical Evaluation, 15 Tex. Intell. Prop. L.J. 19 (2006).("over 90% of requests are granted"). The timeline for the PTO's determination whether to grant the reexamination request is short. In view of the statistical likelihood that reexamination will be granted, I cannot agree that the motion to stay is so premature as to require the court to reject it on that basis. Issuing a stay of the district court litigation at this point is a practical step in light of the likelihood of reexamination and the fact that the reexamination determination will bear heavily on the claims pending in district court. The court retains control over the stay, and may lift it in the unlikely event that reexamination is not granted.

In this case, patent validity is a central issue, and a

3 Opinion and Order

determination of the patents' validity through the reexamination process is a logical step to attempt prior to claim construction and litigation. In a factually similar case in the Eastern District of Texas, where the motion for a stay was filed as discovery was closing but before a Markman hearing, the court offered the following explanation of the potential influence of an inter partes reexamination, which I quote here at length:

> The statute governing inter partes reexamination provides for full participation by a third party at all stages of the proceedings. See 35 U.S.C. § 311, et. seq. Unlike an ex partes reexamination, an inter partes reexamination allows the third-party requester "to file written comments addressing issues raised by the action of the Office or the patent owner's response thereto[.]" Id. at § 314(b)(2). In addition, the third-party requester may appeal to the Patent Board of Appeals and may appeal from the Board's decision to the Federal Circuit if the Board affirms a finding of patentability or reverses an examiner's finding of unpatentability. Id. at § 315(b)(1). Moreover, the third-party requester may participate as a party if the patent owner appeals to the court from an unfavorable decision regarding patentability. Id. at § 315(b)(2).
>
> However, and of particular import here, the statute imposes estoppel restraints on a third-party requester. That is, a third-party requester is estopped from relitigating the same issue "which the third-party requester raised or could have raised during the inter partes reexamination proceedings." Id. § 315(c). . . . In addition, the third-party requester will be estopped from seeking review of factual determinations made in the inter partes reexamination. Id. Thus, an inter partes reexamination can have no other effect but to streamline ongoing litigation. For these reasons, courts have an even more compelling reason to grant a stay when an inter partes reexamination is proceeding with the same parties, which is precisely the case here.
>
> In addition, if the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional

4 Opinion and Order

> funds addressing an invalid claim or claims. Thus, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims. And to the extent that claims survive the inter partes reexamination, Defendants will be precluded from challenging their validity in the same regard.
>
> Second, although there has been a great deal of activity in this litigation to date, much remains to be done before the case is ready for trial. Discovery is not yet completed, summary judgment motions have not been filed, and the Court has not completed its claim construction. It would be an egregious waste of both the parties' and the Court's resources if the <u>Markman</u> and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding.

EchoStar Technologies Corp. v. TiVo, Inc., No. 5:05 CV 81 DF, *3-*4 2006 WL 2501494, (E.D. Tex., July 14, 2006). Similarly, in this case, the motion to stay was filed at the close of discovery, and in advance of a <u>Markman</u> hearing. Metrologic[1] will be estopped from relitigating issues determined during inter partes reexamination. Allowing the PTO to apply its expertise will avoid potentially contradictory outcomes concerning the validity of the patents-in-suit, conserve judicial resources, and spare the parties the expense of attending to ongoing parallel proceedings.

Further, the court cannot wholly accept Datalogic's argument that the motion to stay was filed too late in the district court proceedings to avoid undue prejudice. Datalogic asserts that

---

[1] One of the patents-in-suit is Metrologic's own earlier patent. Datalogic has not indicated, nor has the court discovered, any authority that would bar Metrologic from requesting inter partes reexamination of its own earlier patent notwithstanding 35 U.S.C. § 311(a) ("Any third-party requester at any time may file a request for inter partes reexamination by the Office of a patent on the basis of any prior art . . .").

5 Opinion and Order

because discovery was closing at the time Metrologic filed its motion, the district court proceedings had advanced to a point when Datalogic had invested so much time and effort on addressing its claims that the grant of a stay by this court would be inequitable.

In this court's view, however, equity and judicial economy counsel instead in favor of a stay. The court is aware that litigation and reexamination are distinct proceedings that serve distinct ends, that the court is not obliged to yield to PTO proceedings, and that it is ill-advised to do so when one party uses reexamination to derail litigation. But here, as explained above, the reexamination proceedings are germane to the resolution of Datalogic's claims in district court. Moreover, although the discovery deadline has elapsed, as a practical matter, the parties agree that a number of outstanding discovery tasks are incomplete. <u>Markman</u> briefs have not been filed, and so claim construction is yet to be accomplished. The outcome of the reexamination proceedings may preclude claim construction disputes, and, as Metrologic argues, reexamination may simplify litigating invalidity theories. Discovery that has already been conducted will not lose its relevance to this litigation after reexamination is resolved.

Further, the court disagrees with the contention that Metrologic has filed the motion purely to delay the proceedings and continue the challenged activities. Metrologic represents that the decision to request inter partes reexamination was driven by the issuance of <u>KSR Int'l Co. v. Telefax, Inc.</u>, __ U.S. ___, 127 S. Ct. 1727 (2007), which altered the standard for the

6 Opinion and Order

determination of patent invalidity based on a patent comprising obvious combinations of components that are already known. The court does not consider that explanation to be a pretext for delay.

Finally, issuance of the stay will not tacitly permit alleged infringing conduct to continue. Whether there is an infringement in the first instance will depend in part on the outcome of the reexamination. Further, any intervening infringement will be redressable in a damages award. The court is without jurisdiction to enjoin alleged infringing activity located in Europe; thus, the harm that this district court proceeding is able to redress - economic losses resulting from infringement - may be redressed even after reexamination and resumption of proceedings in district court.

## CONCLUSION

Defendant's motion to stay litigation pending inter partes reexamination in the United States Patent and Trademark Office (#108) is granted.

IT IS SO ORDERED.

Dated this 19t day of October, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

7 Opinion and Order